789 F.2d 295
 FOREST HILLS EARLY LEARNING CENTER, INC., Academy Day Care,
Inc., Holloman Child Care Centers, Inc., Appellees,
v.
William LUKHARD, Director Department of Welfare and
Institutions of the Commonwealth of Virginia,
Appellant. (Two Cases).
In re GRACE BAPTIST CHURCH, Tabernacle Church, Berean
Baptist Church, The Rock Church, Appellants,
v.
FOREST HILLS EARLY LEARNING CENTER, INC., Academy Day Care,
Inc., Hollomon Child Care Centers, Inc., Plaintiffs,
v.
William LUKHARD, Director Department of Welfare and
Institutions of the Commonwealth of Virginia, Defendants.
 Nos. 85-1290, 85-1293 and 85-1560.
 United States Court of Appeals,
Fourth Circuit.
 Argued Nov. 6, 1985.
Decided May 5, 1986.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Richmond. D. Dortch Warriner, District Judge. (C/A 80-0116-R)
 Anthony F. Troy (D. Eugene Webb, Jr., Sarah Hopkins Finley, George A. Somerville, Mays, Valentine, Davenport & Moore, William G. Broaddus, Atty. Gen., of Virginia, James T. Moore, III, Deputy Atty. Gen., William L. Thurston, Asst. Atty. Gen., Richmond, Va., on brief), for appellants.
 John E. Heintz (John Vanderstar, Margaret R. Alexander, Laird Hart, Covington & Burling, Washington, D.C., Hullihen Williams Moore, Dennis O. Laing, Christian, Barton, Epps, Brent & Chappell, Richmond, Va., on brief, for appellees.
 Before RUSSELL and SPROUSE Circuit Judges and BUTZNER, Senior Circuit Judge.
 DONALD RUSSELL, Circuit Judge:
 
 
 1
 This is an action begun by a number of non-sectarian child care center operators challenging the constitutionality of the statutory exemption of religiously affiliated child care centers from the general licensing requirements imposed on child care centers by the Code of Virginia Secs. 63.1-195 through 63.1-219. The ground for the challenge is that the exemption violated the establishment clause of the first amendment and also denied the plaintiffs the equal protection of law. The defendant in the action is the Director of the State Department of Welfare and Institutions. Both parties in the proceeding filed motions for summary judgment, the defendant urging that the exemption was valid as "a permissible effort by the state to comply with its constitutional obligation to avoid infringement of the sectarian sponsor's rights under the religious clauses." The district judge granted summary judgment in favor of the defendant, sustaining his claim that the exemption represented a permissible effort on the part of the State to avoid an unconstitutional infringement of the non-sectarian operators' rights under the religious clauses of the amendment. 540 F.Supp. 1046 (S.D.Va.1982). On appeal, that decision was reversed and the cause was remanded to the district court for further proceedings. 728 F.2d 230 (4th Cir.1984).
 
 
 2
 In our opinion reversing the district court, we found that certain of the exempted activities of the sectarian child centers were not entitled to free exercise protection under the religious clauses of the amendment, and we identified generally some we so found. We accordingly concluded that the statutory exemption was overbroad and could be declared unconstitutional on that ground. We recognized, however, that there might be parts of the centers' activities which could validly qualify for free exercise protection as granted them under the challenged exemption. We concluded that under those circumstances, the prudent course for us to pursue was to remand the cause to the district court in order to permit the development of a record which would enable the court to "squar[e] ... [the] statute with [the] Constitution by excising only the unconstitutional portions of legislation not wholly unconstitutional" and salvaging those portions of the statute that might be constitutional.[1]
 
 
 3
 We were persuaded to this resolution by three factors. First was our concern that, in litigating the constitutional issue herein, the "persons whose free exercise rights are centrally in issue are not parties to the litigation" and are having their rights "indirectly asserted in this litigation by the state, which more commonly in free exercise litigation finds itself on the other side, defending or seeking to enforce legislation challenged by such persons as violative of free exercise rights." Secondly, the entire issue of the constitutionality of the exemption had been presented to the court on a "disturbingly meager record upon which to apply free exercise doctrine as shaped by authoritative Supreme Court interpretations (or 'non-interpretation') of the [religious] clause." Lastly, a "declaration of unconstitutionality for overbreadth" in this action on its meager record with its limited representation would "likely ... be inconclusive of the underlying rights in issue, including those of the prevailing plaintiffs."
 
 
 4
 We accordingly concluded that, on remand, the sectarian operators "who claim entitlement to free exercise protection should be parties to the action" and that they should be given "a fair opportunity to intervene" and, assuming qualification under Rule 23, Fed.R.Civ.P., to qualify as a class. Upon intervention of the sectarian operators as a class,
 
 
 5
 further evidentiary proceedings may be devoted to developing--under applicable substantive doctrine and appropriately allocated burdens of proof, see Part II, supra-- the extent of any free exercise rights had by the sectarian institutions in the exempted activities, and the nature and extent of any compelling state interest in nevertheless regulating those activities. This will provide a basis--not now provided--for a properly informed "value judgment" by the court of the constitutionally permissible extent, under establishment clause constraints, of the accommodation to free exercise rights made in the challenged exemption.
 
 
 6
 728 F.2d at 246.
 
 
 7
 The cause was thus remanded to the district court for further action in accordance with the opinion of the Court.
 
 
 8
 On remand, the district court in essence held that, while the petitioning sectarian operators might be tentatively permitted to intervene as parties, that right was conditioned on their qualifying as class representatives under Rule 23. It held that the sectarian operators could not qualify under Rule 23, among other reasons, since, because of the differences in religious beliefs and doctrines among the churches, it is difficult to find a common nexus of law and fact sufficient to support class certification. After declaring that it found our decision on the merits "wrong, profoundly wrong," it ruled broadly but incorrectly that in our decision, we had held that none of the activities of these centers were protected from state regulation under free religious rights. Specifically, it dismissed the suggestion made by us in our opinion that some of the activities of the sectarian child centers might qualify for free religion protection. It stated erroneously and hyperbolically that our ruling had in effect held that "the establishment clause [had] devoured the free exercise clause "and that, though the sectarian operators had cited "several instances where regulation [under the Virginia statute] impinge[d] upon the church's free exercise of its religious beliefs" our decision had "decided that, ... a failure to regulate [this free exercise of one's religious beliefs]," would work a violation of the establishment clause of the Constitution. It accordingly revoked the intervention of the sectarian operators, denied them any right to class certification or an opportunity to conduct discovery, or to present evidence, and granted summary judgment in favor of the plaintiffs, as it said "in accordance with and for the reasons set forth by the Court of Appeals for the Fourth Circuit's opinion" in this case. In effect, the decision of the district court misapprehended the purport of our decision and nullified entirely the purposes of a remand herein. It is, therefore, necessary to return the cause to the district court for the purposes stated in our earlier opinion herein. In that connection, the parties on appeal have raised the point that Wallace v. Jaffree, --- U.S. ----, 105 S.Ct. 2479, 86 L.Ed.2d 29 (1985), decided since our decision, has to some extent affected the result we reached in our earlier opinion. Without deciding whether that decision made any change in the pertinent law involved in this proceeding, we direct the district court to give consideration to that decision in its findings and conclusions upon remand.
 
 
 9
 REMANDED WITH DIRECTIONS.
 
 
 
 [1]
 The opinion emphasized in note 16, p. 245, that the court was not to be understood as expressing an "opinion as to whether portions of the statutory exemption may be found constitutional upon more complete inquiry. We simply recognize[d] that as a possibility."